# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN LANZARINI, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 4:12CV2153(JCH) |
| BERKADIA COMMERCIAL MORTGAGE, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Karen Lanzarini's ("Lanzarini") Motion for Prejudgment Interest ("Motion"), which Lanzarini filed on May 25, 2014. (ECF No. 92). The Motion has been fully briefed and is ready for disposition.

Lanzarini filed suit against Defendant Berkadia Commercial Mortgage ("Berkadia") in the Circuit Court of St. Louis County on October 9, 2012. (Complaint, ECF No. 4). Berkadia removed the matter to this Court on November 19, 2012. (Notice of Removal, ECF No. 1). After a three-day trial, a jury found that Berkadia breached a contract under which it agreed to pay Lanzarini commissions in exchange for Lanzarini's generation of commercial loans. (Jury Verdict, ECF No. 88). The jury awarded Lanzarini $76,954.79, *id.*, an amount lower than the $101,321.09 she sought on that claim. (Complaint ¶ 21). Lanzarini now seeks an award of prejudgment interest to be calculated based on the damages awarded. (ECF No. 92).

The only dispute between the parties is the date from which prejudgment interest should be calculated. On March 9, 2012 Lanzarini sent a written letter to Berkadia alerting Berkadia to her claims and demanding payment of the amount Berkadia owed under the contract. (Motion, ECF No. 92, ¶ 4). Lanzarini contends that the calculation of prejudgment interest should begin

on that date. *Id.* Berkadia contends that Lanzarini's letter was insufficient to begin the time period for prejudgment interest because it did not make a claim for a specific amount. (Berkadia Response, ECF No. 95, ¶ 8). Berkadia contends that the prejudgment interest calculation should begin on October 9, 2012, which is the date Lanzarini filed suit. *Id.* ¶ 9.

In this diversity action, Missouri law governs the availability and calculation of prejudgment interest. *Machecha Transport Co. v. Philadelphia Indem. Ins. Co.*, 737 F.3d 1188, 1196 (8th Cir. 2013). Mo. Rev. Stat. § 408.020 "provides that creditors will be allowed to receive interest, at the rate of nine percent per annum if not otherwise stipulated, on all accounts after they become due and demand of payment is made." *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 396 (Mo. Ct. App. 1998). Missouri courts have set forth three requirements that must be met for interest to be awarded under § 408.020: "(1) the expenses must due; (2) the claim must be liquidated or the amount of the claim reasonably ascertainable; and (3) the obligee must make a demand on the obligor for the amount due." *Jablonski v. Barton Mut. Ins. Co.*, 291 S.W.3d 345, 350 (Mo. Ct. App. 2009).

Only the third element, the date on which Lanzarini made adequate demand, is at issue here. "Although the demand need be in no certain form, it must be definite as to amount and time." *A.G. Edwards*, 978 S.W.2d at 397. "The demand for payment must leave no doubt as to when and how much payment is due." *Children Int'l v. Ammon Painting Co.*, 215 S.W.3d 194, 204 (Mo. Ct. App. 2006). Additionally, "[a] definite date in the future set for payment or a demand for immediate payment is required." *Id.* at 205. "If no such demand is made for payment of an unwritten account, the filing of the suit substitutes for the previous demand . . . and starts the interest bearing period, to be computed as of the date of the verdict." *A.G. Edwards*, 978 S.W.2d at 397.

Lanzarini has provided no evidence that she made sufficient demand on Berkadia prior to the filing of the lawsuit. While the March 9 letter to Berkadia sets forth the facts of the dispute, it does not include a definite amount. This failure does not deprive Lanzarini of her right to prejudgment interest under Missouri law. It merely changes the initial date of the measuring period. Instead of March 9, the prejudgment interest to which Lanzarini is entitled began to accrue on the date she filed her lawsuit, which was October 9, 2012. This period ended when the verdict was entered on May 16, 2014. Based on the $76,954.79 verdict entered in her favor and the 9% statutory rate of interest, Lanzarini is therefore entitled to a prejudgment interest award of $11,081.49.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Karen Lanzarini's Motion for Prejudgment Interest, (ECF No. 92), is **GRANTED IN PART**, and Lanzarini is awarded prejudgment interest in the amount of $11,081.49.

Dated this 29th day of July, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE