UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN LANZARINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:12-CV-2153(JCH) |
| | ) |
| BERKADIA COMMERCIAL MORTGAGE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Karen Lanzarini's ("Lanzarini") and Defendant Berkadia Commercial Mortgage LLC's ("Berkadia") cross-motions to tax bills of costs against each other. (ECF Nos. 91, 93). The motions have been fully briefed and are ready for disposition.

Lanzarini filed suit against Berkadia in the Circuit Court of St. Louis County on October 9, 2012. (Complaint, ECF No. 4). Berkadia removed the matter to this Court on November 19, 2012. (Removal Notice, ECF No. 1). Lanzarini's Complaint contained three counts: (I) breach of contract; (II) unjust enrichment; and (III) a claim under the Missouri Merchandising Practices Act ("MMPA"). The Court granted summary judgment in favor of Berkadia as to Count II, (ECF No. 40), and the other two claims went to trial on May 14, 2014. (ECF No. 78). After a three-day trial, the jury found in favor of Lanzarini on Count I and Berkadia on Count III. (ECF No. 88). It awarded damages to Lanzarini in the amount of $76,954.79. *Id.*

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, [the federal rules], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This Rule has been recognized to create a presumption that a

prevailing party should recover costs. *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). "Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the discretion of the district court." *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013). The determination of whether to award costs under Rule 54(d)(1) in the absence of a relevant federal statute or rule is therefore a two-step process. The first is to ascertain which party is the "prevailing party." The second is to consider whether the opposing party has provided sufficient reasons for the court, within its sound discretion, to deny the costs award to which the prevailing party is presumptively entitled.

A prevailing party is "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded[.]'" *Buckhannon Bd. and Care Home v. West Virginia*, 532 U.S. 598, 603 (2001) (alteration in original) (quoting *Black's Law Dictionary* 1145 (7th ed. 1999)); *Litecubes, L.L.C. v. Northern Light Products, Inc.*, 2006 WL 5700252 at *11 (E.D. Mo. Aug. 25, 2006). In other words, a prevailing party is one who obtains the benefit of a "material alteration of the legal relationship of the parties[.]" *Buckhannon*, 532 U.S. at 604. Importantly, "[a] party who is only partially successful also can be deemed a prevailing party." 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2667 (3d ed. 1998).

Here, Lanzarini better fits the Supreme Court's description of a prevailing party. While Berkadia successfully defended two of the claims against it, one on summary judgment and one at trial, Lanzarini's victory on the breach of contract claim did more to change the legal relationship of the parties. Berkadia now owes money to Lanzarini that it did not owe before the judgment against it. The major legal change in Lanzarini's legal relationship to Berkadia is that she is now precluded from raising against Berkadia the claims settled and issues necessarily decided. In this particular situation, Lanzarini is the prevailing party.

This does not mean, however, that Lanzarini is entitled to costs or to the entire amount she claims. Berkadia is correct to note that important reasons exist for a reduction of the award. In particular, Lanzarini was seeking in excess of $770,000 and received only about 10% of that amount. The substantial majority of the total damages Lanzarini sought was based on her MMPA claim, which Berkadia won. Given these facts, there is sufficient reason to reduce the amount of costs Lanzarini seeks. A 90% reduction is appropriate since Lanzarini recovered only about 10% of the amount she sought. As Berkadia does not challenge any specific category of costs, the reduction will be applied to the total amount of costs Lanzarini seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Karen Lanzarini's Motion for Bill of Costs, ECF No. 91), is **GRANTED IN PART**, and the Court will tax costs against Defendant Berkadia Commercial Mortgage LLC in the amount of $102.42.

**IT IS FURTHER ORDERED** that Defendant Berkadia Commercial Mortgage LLC's Cross Motion for Bill of Costs is **DENIED**.

Dated this 29th day of July, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE